UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENEVA Y. HOLMES-JAMES,<br><br>    Plaintiff,<br><br>    v.<br><br>BETTY JEAN HARDING, et al.,<br><br>    Defendants. | Case No. 22-cv-07758-DMR<br><br>**ORDER GRANTING IFP APPLICATION AND ORDER TO SHOW CAUSE** |

    Self-represented Plaintiff Geneva Holmes-James filed a complaint and an application for leave to proceed *in forma pauperis* ("IFP"). [Docket Nos. 1, 3.] The court has reviewed Plaintiff's financial affidavit and finds that she has satisfied the economic eligibility requirement of 28 U.S.C. § 1915(a) and grants the application to proceed IFP.

    Having reviewed the complaint, it appears that the court lacks subject matter jurisdiction over this action. The complaint is difficult to follow. It names three Defendants: Betty J. Harding-Kennedy; Keith Broderick Benard; and Donald Ray Peoples. The complaint references Plaintiff's children, who do not appear to be in her custody. Specifically, the complaint alleges that Plaintiff "can't locate [her] kid's [sic] at this time." Compl. 5, 6. It appears that Plaintiff alleges that Defendants have taken property from her, including money, cars, and homes, and that she seeks the court's assistance in returning her property so that she can get her children back. *Id*. at 10. The complaint also refers to a "government lien" and a "tax lien" but does not explain the significance of the liens. *See generally* Compl.

    Federal courts are courts of limited jurisdiction, and a "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citations omitted). A federal court may exercise either federal question jurisdiction or diversity jurisdiction.

    Federal question jurisdiction under 28 U.S.C. § 1331 requires a civil action to arise under

the constitution, laws, or treaties of the United States. "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). Here, Plaintiff asserts that her case "belongs in federal court under federal question jurisdiction because it involves a federal law or right." Compl. 2. However, the complaint does not identify a "federal law or right" at issue. Therefore, federal question jurisdiction does not exist here.

A district court has diversity jurisdiction where the parties are diverse and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332. Parties are diverse only when the parties are "citizens of different states." *Id*. A natural person's state citizenship is determined by his or her state of domicile. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return. A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.* (internal citation omitted). Here, it is not clear whether the parties are diverse, as Plaintiff does not allege the citizenship of the parties. Plaintiff appears to reside in Washington, as her service address is in Seattle, Washington. Compl. 1. The complaint alleges only that Defendant Harding-Kennedy is located in Seattle, Washington. It does not allege the location of Defendants Benard or Peoples and does not allege the citizenship of any of the three Defendants. *Id*. at 2, 10. Additionally, the complaint contains no allegations about the amount in controversy. Therefore, the complaint does not allege a basis for diversity jurisdiction.

By no later than February 28, 2023, Plaintiff shall show cause – in other words, explain in writing why her case belongs in federal court, and why it should not be dismissed for lack of subject matter jurisdiction. If Plaintiff does not file a timely response to this Order to Show Cause, the court will recommend that the action be dismissed.

The court refers Plaintiff to the section "Representing Yourself" on the Court's website, located at https://cand.uscourts.gov/pro-se-litigants/, as well as the Court's Legal Help Centers for

2

unrepresented parties.  Parties may schedule an appointment by calling 415-782-8982 or emailing fedpro@sfbar.org.

**IT IS SO ORDERED.**

Dated: January 31, 2023

_____
DONNA M. RYU
United States Magistrate Judge